UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN JONES,

    Plaintiff,

    v.

OHIO DEPARTMENT OF PUBLIC SAFETY, *et al.*,

    Defendants.

Case No. 2:22-cv-3692

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

This case arises from the same facts as a companion case (case number 1:22-cv-530) that is before this Court. Jonathan Jones claims that the Ohio Department of Public Safety (ODPS) discriminated against him based on race when it denied him access to the Law Enforcement Automated Data System (LEADS) database, which resulted in the City of Cincinnati Police Department withdrawing his conditional offer of a spot at the Cincinnati Police Academy. Based on these allegations, he sued ODPS and its employees Kara Joseph and John Moore, asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII); the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983); and Ohio Revised Code § 4112.02.[1] (Compl., Doc. 1). The Court granted Defendants' motion to dismiss and dismissed Jones's Complaint without prejudice. (Op. and Order, Doc. 17).

---

[1] In his Complaint, Jones described his claims as falling under Ohio Revised Code §§ 4112.02 and/or 4112.99. (Doc. 1, #36–37). But this suit is about alleged employment discrimination—refusal to hire—and § 4112.99 does not apply to employment discrimination actions. Ohio Rev. Code § 4112.99(B) ("A person is prohibited from bringing a civil action for employment

Jones then moved for leave to file an amended complaint, attaching the proposed amended complaint. (First Mot. for Leave to File Am. Compl., Doc. 18). After Defendants opposed that motion, (First Opp'n., Doc. 19), but before the Court ruled on it, Jones sought leave to file a second proposed amended complaint, again attaching that new complaint, (Second Mot. for Leave to File Am. Compl., Doc. 20). In the Second Motion for Leave to File Amended Complaint, Jones clarified that he is no longer pursuing his state-law claims and his Title VII claim—only his § 1983 claim against Employee Defendants. (*Id.* at #290). After Defendants responded opposing this new motion for leave to file, (Second Opp'n., Doc. 22), Jones filed two more motions. First, he moved for leave to reply to the Second Opposition. (First Mot. for Leave to File Reply, Doc. 23). Second, after Defendants opposed the First Motion for Leave to File Reply, (Doc. 25), Jones moved for leave to reply to that opposition, (Second Mot. for Leave to File Reply, Doc. 26).[2] The matter is now before the Court on Jones's two motions for leave to file amended complaints and his two motions seeking leave to file replies.

For the reasons discussed below, the Court **DENIES** both Jones's Motions for Leave to File Amended Complaint (Docs. 18, 20) and both his Motions for Leave to File Reply (Docs. 23, 26). And, because Jones's second attempt at pleading a viable claim has failed, the Court **DISMISSES** this case **WITH PREJUDICE**.

---

discrimination under this section."). So the Court treats those claims as having been brought solely under § 4112.02.

[2] Jones styles this filing "Motion For Leave To File Opposition In Support Of Defendant's Opposition To Reply." (Doc. 26, #360). But what he seeks to file is a reply to Defendants' opposition. So, for clarity, the Court will refer to this motion as the Second Motion for Leave to File Reply.

2

## BACKGROUND[3]

After receiving a conditional offer to join the City of Cincinnati Police Academy as a recruit, Jones applied for access to LEADS, a database that Ohio police officers, including Cincinnati police officers, routinely use. (Doc. 20-1, #294). But when ODPS learned Jones had a (sealed) misdemeanor conviction for disorderly conduct and two arrests for domestic violence, the state agency denied Jones access to Ohio's LEADS system. (*Id.* at #294, 299). And without access to LEADS, the Cincinnati Police Department determined Jones could not effectively serve as a police officer, so it withdrew his conditional offer. (*Id.* at #295).

Jones, who is Black, believes that Defendants denied him access to LEADS because of his race. (*Id.* at #294–95). He says that (1) neither his domestic violence arrests nor his disorderly conduct conviction should have disqualified him from accessing LEADS in the first place, and (2) his disorderly conduct conviction was sealed (presumably implying that no one should have access to it, and thus no one should be able to take action based on it). (*Id.*). And he contends that Defendants'

---

[3] Because Defendants oppose Jones's two Motions for Leave to File Amended Complaint on futility grounds, the question the Court confronts is whether the proposed amended complaint could survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000). To determine whether that standard is met, the Court accepts Plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Accordingly, the Court relies on Jones's allegations in describing the background, but with the caveat that they are only allegations. And because Jones has filed two Motions for Leave to File Amended Complaint, the Court reports the allegations from the second proposed amended complaint, which supersedes the first proposed amended complaint and controls the case from the time it is filed. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000); *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) ("As a general matter, an amended complaint supersedes the original complaint[.]") (cleaned up).

reliance on his arrests and sealed conviction to deny him LEADS access was discriminatory. (*Id.* at #314–15).

On October 13, 2022, Jones sued ODPS, as well as its employees John Moore and Kara Joseph, who he sued in both their official and individual capacities. (Doc. 1, #1). Jones pursued four causes of action: (1) a Title VII claim against ODPS for race discrimination in hiring; (2) a § 1983 claim against Moore and Joseph for violating the Equal Protection Clause; (3) a claim against ODPS under Ohio Revised Code § 4112.02 for racial discrimination in hiring; and (4) a claim against Moore and Joseph under Ohio Revised Code § 4112.02(J) for aiding and abetting that unlawful discrimination. (Doc. 1, #34–37). Jones attached a right-to-sue letter from the U.S. Department of Justice authorizing his Title VII claim. (Doc. 1-2, #40). For relief, Jones sought monetary damages. (Doc. 1, #37).

On December 13, 2022, Defendants moved to dismiss Jones's Complaint for failure to state a claim. (Doc. 8). They argued that: (1) the Title VII claim failed as a matter of law because none of them were his prospective employer; (2) the § 1983 claim was time-barred; (3) the state-law claims were also time-barred; (4) in the alternative, Defendants were entitled to immunity on the state-law claims; and (5) even if the Court disagreed with the previous two arguments directed at the state-law claims, it should not exercise supplemental jurisdiction over those claims after dismissing the federal law claims. (*Id.* at #119).

The next day, Jones moved for default judgment based on his calculation that Defendants' response to his Complaint had in fact been due a day earlier than they

4

filed, December 12. (Doc. 11, #136). Defendants responded to that motion three days later, moving for leave to file their (already-filed) Motion to Dismiss out of time. (Doc. 12). There, Defendants asserted that they believed they had until December 13 to respond. (*Id.* at #143). But in an abundance of caution, Defendants requested that the Court consider the motion to dismiss, even if untimely by one day, based on excusable neglect. (*Id.* at #143). Jones then responded to the Motion to Dismiss, (Doc. 13), and Defendants replied, (Doc. 14). Defendants also responded to the Motion for Default Judgment, (Doc. 15), to which Jones replied, (Doc. 16).

The Court issued an Opinion and Order granting Defendants' Motion for Leave to File Out of Time, denying Jones's Motion for Default Judgment, and granting Defendants' Motion to Dismiss. (Doc. 17, #218). As to the latter, the Court concluded that (1) Jones failed to allege an employment relationship with ODPS, which is a necessary element of a Title VII claim, (*id.* at #211–14); (2) his § 1983 claims were untimely and he did not allege any facts suggesting tolling would be appropriate, (*id.* at #215–16); and (3) the Court lacked jurisdiction to hear his related state-law claims, in part due to the Eleventh Amendment and in part due to Jones's failure to file his claims in the Ohio Court of Claims, (*id.* at #216–17). But, because the Court also concluded that Jones might be able to address at least some of these shortcomings through amendment, the Court dismissed the Complaint without prejudice and granted Jones 30 days to seek leave to file an amended complaint. (*Id.*).

Jones took the Court up on its offer and timely filed his First Motion for Leave to File Amended Complaint. (Doc. 18). Although the proposed complaint attached to

5

that motion included ODPS as a named Defendant in the header, (*id.* at #219), the body of that complaint asserted only one count—a § 1983 claim against Joseph and Moore, (*id.* at #243). Defendants opposed the motion for leave to file, arguing that amendment would be futile. (Doc. 19, #283–87).

Rather than reply in support of his motion for leave to file that complaint, Jones instead filed a Second Motion for Leave to File Amended Complaint, attaching an even newer complaint. (Doc. 20). That complaint no longer listed ODPS as a Defendant in the header. (*Id.* at #289). And Jones clarified that he was no longer pursuing a Title VII claim or any state-law claims—only his § 1983 claim against Joseph and Moore. (*Id.* at #290). He also filed a "Memorandum in Support." (Doc. 21). Defendants again responded, arguing that Jones still has failed to establish that his § 1983 claims are within the statute of limitations, or that he is entitled to equitable tolling. (Doc. 22, #335–36). In the alternative, they argue that Moore and Joseph are immune from Jones's § 1983 claims in both their official and individual capacities. (*Id.* at #336–37).

Jones then filed two more motions. First, he moved for leave to reply to the Defendants' response in opposition to Jones' First Motion for Leave to File Amended Complaint. He thought such leave was necessary based on his belief that his reply was otherwise untimely. (Doc. 23). He also filed that proposed reply brief on the docket. (Doc. 24). Defendants opposed the First Motion for Leave to File Reply, arguing that the motion is moot, (Doc. 25, #352–53), and misstates law and fact, (*id.* at #354). Jones then also moved for leave to reply to that opposition. (Doc. 26).

6

The matter is now before the Court on Jones's two Motions for Leave to File Amended Complaint and his two Motions for Leave to File Reply.

## LEGAL STANDARD

"When a motion to dismiss is granted[,] … the usual practice is to grant plaintiffs leave to amend the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004), *abrogated in part on other grounds by Frank v. Dana Corp.*, 646 F.3d 954, 961 (6th Cir. 2011). The Court granted such leave here. But when the plaintiff tenders a proposed amended complaint, the court will deny leave to file if, among other reasons, the amendment would be futile. *Id.*; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002). The touchstone for assessing futility is whether the proposed amendment can survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). The complaint must allege sufficient facts to allow the Court to "draw the reasonable inference that the defendant is liable." *Id.* In other words, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)).

7

To meet this pleading standard, a complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010) (citation omitted). And "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 276 (cleaned up). In short, an action will be dismissed where "there is no law to support the claims made" or "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1169 (S.D. Ohio 2013).

At the motion-to-dismiss stage, the Court accepts the facts of the Complaint as true. *Iqbal*, 556 U.S. at 678. But that does not mean the Court must take everything plaintiffs allege as gospel, no matter how unsupported. The Court may disregard "naked assertions" of fact or "formulaic recitations of the elements of a cause of action." *Id.* (cleaned up). And it has limited scope to consider materials outside the pleadings. *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) ("Generally, in considering a motion to dismiss, the district court is confined to considering only the pleadings … However, the court may, in undertaking a 12(b)(6) analysis, take judicial notice of matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.") (cleaned up).

## LAW AND ANALYSIS

**A.   Jones's Proposed Amended Complaint Cannot Survive a Motion to Dismiss Under Rule 12(b)(6).**

The Court begins with the two Motions for Leave to File Amended Complaint. As discussed below, because the proposed amended complaint attached to the Second

Motion—the complaint that Jones intends to pursue—cannot survive a motion to dismiss under Rule 12(b)(6), the Court denies both Motions for Leave to File Amended Complaint, one on mootness grounds and the other on the merits.

Let's start with Jones's First Motion for Leave to File Amended Complaint. The problem with that motion is that Jones's Second Motion for Leave to File Amended Complaint supersedes it. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000); *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) ("As a general matter, an amended complaint supersedes the original complaint[.]") (cleaned up). By seeking leave to file a newer amended complaint, Jones is indicating he no longer wishes to pursue the previous version. Accordingly, the Court denies the first Motion for Leave to File Amended Complaint, (Doc. 18), as moot.

With that out of the way, the Court turns to whether the proposed complaint attached to the Second Motion for Leave to File Amended Complaint could survive a motion to dismiss. Recall that, in that complaint, Jones clarifies that he is dropping his Title VII and state-law claims. (Doc. 20, #290). So the only claim that remains is his § 1983 claim against Joseph and Moore. But Defendants say that the claim is futile because the allegations show that the statute of limitations has run. (Doc. 22, #335–36). And the Court agrees, for the same reasons discussed in its previous Opinion and Order. (Doc. 17, #215–16).

To expand on that a bit, although the statute of limitations is an affirmative defense, dismissal on timeliness grounds is appropriate "if the allegations in the

9

complaint affirmatively show that the claim is time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (cleaned up). That said, "it is the defendant's burden to show that the statute of limitations has run." *Id.* And in determining whether the defendant has met that burden, the Court generally must consider: (i) the applicable statute of limitations period, (ii) when the action accrued (and thus set that period in motion), and (iii) whether any tolling period exists. *See, e.g.*, *Hollis v. Erdos*, 480 F. Supp. 3d 823, 829–30 (S.D. Ohio 2020).

Congress did not include a statute of limitations in the text of 42 U.S.C. § 1983. Rather, state law provides the applicable period. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). And in Ohio—where all the relevant events occurred—the applicable period is two years. *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017). But while state law determines the *length* of the limitations period, federal law controls the time at which a § 1983 cause of action accrues. *Sevier*, 742 F.2d at 272. And that accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273.

Jones alleges Monroe and Joseph violated his right to equal protection under the laws when they denied him access to the LEADS system, allegedly because of his race. (Doc. 20-1, #294–95). That denial occurred on November 13, 2019. (Doc. 18-2, #267).[4] And, based on that denial, the Cincinnati Police Department rescinded his

---

[4] Although the Second Motion for Leave to File Amended Complaint supersedes the First Motion for Leave to File Amended Complaint, the proposed complaint attached to the Second Motion for Leave to File references both of the exhibits from the proposed complaint attached to the First Motion that are cited in this paragraph. (Doc. 20-1, #298, 304). So although Jones does not explicitly incorporate his entire prior pleading by reference, the Court considers the

10

offer the next day. (Doc. 20-1, #295). Accordingly, Jones likely had reason to know of the alleged discriminatory nature of his denial not long afterward. But even if it took Jones some time to discover the allegedly discriminatory nature of Monroe's and Joseph's denial, Jones at the *very* latest knew on January 16, 2020. We know that because that day he filed a Charge of Discrimination with both the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission containing these same allegations against ODPS. (Doc. 18-2, #250). Yet he did not file his original complaint in this matter until October 13, 2022. (*See* Doc. 1). Accordingly, considering only these facts, he filed his § 1983 claim outside the limitations period, as Jones himself concedes. (Doc. 20-1, #295). So his claim is time-barred unless he is entitled to equitable tolling.

That brings the Court to Jones's argument that he has plausibly alleged that he is entitled to equitable tolling. The Court begins its analysis of that argument by observing that Ohio law controls what Jones must show to obtain such tolling. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 845 (6th Cir. 2015) ("Having borrowed the state's statute of limitations for the § 1983 claim, we apply the state's tolling statute, as long as the result is not inconsistent with federal law or policy."). In Ohio, "[e]quitable tolling is only available in compelling cases which justify a departure from established procedure." *Roach v. Vapor Station Columbus, Inc.*, 2022-Ohio-2106, ¶ 8 (10th Dist.) (cleaned up). More specifically, "[a] litigant seeking equitable tolling must demonstrate he diligently pursued his rights, but some

---

exhibits cited here to be incorporated into the proposed complaint attached to the Second Motion for Leave to File Amended Complaint by reference. Therefore, it may consider them.

11

extraordinary circumstance … prevented timely action. The doctrine is generally limited to circumstances in which a litigant is intentionally misled or tricked into missing the filing deadline." *Id.* (internal citations omitted).

How does that standard play out here? Jones argues that he is entitled to equitable tolling based on his allegations that the EEOC dragged its feet in assessing his case, which precluded him from suing. (Doc. 20-1, #295–96). The problem with that argument is that a plaintiff need not procure a right-to-sue letter from the EEOC to bring a § 1983 claim—only to bring a Title VII claim. Jones identifies no case law, and the Court has found none either, suggesting that steps he took in furtherance of his Title VII claim would establish a right to equitable tolling as to his separate § 1983 claim. Further, even if Jones is correct that the EEOC dragged its feet, he has not pleaded any factual allegations suggesting that anyone "intentionally misled or tricked [him] into missing the filing deadline," particularly as it relates to his § 1983 claim. *Roach*, 2022-Ohio-2106, ¶ 8. And neither his pro se status nor any alleged confusion on his part about whether he needed a letter from the EEOC to bring his § 1983 claim, standing alone, would entitle him to equitable tolling. *Lomax v. Sears, Roebuck & Co.*, 238 F.3d 422, 2000 WL 1888715, at *6 (6th Cir. 2000) ("[A]ll claimants, including pro se claimants, have a responsibility to meet the requirements of the law[.]"); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). So the Court concludes that the allegations in his proposed amended complaint do not give rise to a reasonable inference that Jones is entitled to equitable tolling. That in turn

means his § 1983 claim is time-barred and could not survive a motion to dismiss under Rule 12(b)(6). And because that untimely § 1983 claim is Jones's only remaining claim, the Court denies Jones's Second Motion for Leave to File Amended Complaint as futile.

**B.     Jones's Motions For Leave To File Reply Are Both Moot.**

Having addressed the two Motions for Leave to File Amended Complaint, the Court now turns to the Motions for Leave to File Reply. Recall that Jones filed two Motions for Leave to File Reply. First, he wanted to reply in support of his Second Motion for Leave to File Amended Complaint, based on his belief that his reply was untimely absent such leave. (First Mot. for Leave to File Reply, Doc. 23). He also filed the proposed reply on the docket. (Doc. 24). Then, when Defendants opposed that motion for leave to reply, Jones moved for leave to reply to that opposition (Doc. 26).

Begin with the First Motion for Leave to File Reply. Defendants say that the motion is moot because it is based on Jones miscalculating when his reply—which was timely—was due. (Doc. 25, #352–53). The Court agrees. Jones had "fourteen days after the date of service of the memorandum in opposition" to file his reply. S.D. Ohio Civ. R. 7.2(a)(2). Because Defendants' opposition (Doc. 22) was filed and served on July 21, 2023, Jones's reply was due August 4, 2023—14 days from July 21. And he filed it on July 31. (Doc. 23). Because the reply was timely and has already been docketed, (*see* Doc. 24), the Court denies the First Motion for Leave to File Reply as moot.

13

The Court also denies the Second Motion for Leave to File Reply as moot. The original motion was the First Motion for Leave to File Reply. Defendants were entitled to oppose that motion and Jones was entitled to file a reply. S.D. Ohio Civ. R. 7.2(a)(2). And the proposed reply attached to the Second Motion for Leave to File Reply was timely. *Id.* So there was no need for Jones to seek leave from the Court to file that reply. Accordingly, the Court also denies Jones's Second Motion for Leave to File Reply.

Last, the Court notes that nothing in the reply attached to the Second Motion for Leave to File Reply changes its decision to dismiss the Second Proposed Amended Complaint. Jones says that (1) his First Motion for Leave to File Reply is not moot because "miscalculating time is not enough to render additional precedents of law invalid," and (2) "if fourteen days is the timeframe to reply after the date of service of opposition. Defendant has exceeded that timeframe, and their opposition has been filed out of time." (Doc. 26, #361). He also argues that Defendants are not entitled to immunity. (Doc. 26-1, #365–68). Jones's first point seems to be based on a misunderstanding of what it means for his motion to be moot. As discussed above, the motion is moot because his reply was timely, and that reply is already on the docket. As to Jones's second point, Local Civil Rule 7.2 provides different deadlines for opposition and reply memoranda. "Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion … Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition." S.D. Ohio Civ. R. 7.2(a)(2). Jones filed his First Motion

14

for Leave to File Reply on July 31, 2023, (Doc. 23), and Defendants opposed that motion on August 21, 2023, (Doc. 25). So their opposition was timely. Finally, the Court need not engage with Jones's arguments about immunity because it denies Jones's Second Motion for Leave to File Amended Complaint on statute of limitations grounds, not on immunity grounds.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** both Jones's Motions for Leave to Amended Complaint, (Docs. 18, 20), and both his Motions for Leave to File Reply, (Docs. 23, 26). And, because Jones has failed in his second (perhaps more accurately third) attempt to state a viable claim, the Court **DISMISSES** this case **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

February 7, 2024
**DATE**

                                    **DOUGLAS R. COLE**
                                    **UNITED STATES DISTRICT JUDGE**